**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIE GROSE | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SYNDIGO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

By this action, Plaintiff, Julie Grose, seek wage loss, liquidated damages and attorneys' fees and costs due to Defendant, Syndigo, LLC, terminating her employment because of her age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a), and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*.

### II.   JURISDICTION

1.     This court has jurisdiction of this matter by virtue of 28 U.S.C. § 1331, in that this is a civil action wherein the matter in controversy arises under the laws of the United States.

2.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that this is a civil action in which jurisdiction is not founded solely on diversity of citizenship, and the acts constituting a substantial part of the events and omissions giving rise to the claims occurred in the Western District of Pennsylvania.

3.     On May 20, 2025, Plaintiff Julie Grose filed a Charge of Discrimination with the EEOC against Defendant alleging age discrimination. Plaintiff's Charge was dual filed with the PHRC.

4. More than sixty (60) days have passed since Plaintiff filed her EEOC charge and more than one year has passed since Plaintiff's Charge was dual filed with the PHRC.

5. On February 27, 2026, the EEOC issued Grose a Notice of Right to Sue.

### III. PARTIES

6. Plaintiff, Julie Grose ("Grose"), is a 63-year-old adult female who resides at 1305 Phillippi Avenue, Bethel Park, Pennsylvania 15102. At the time of the incident complained of in this lawsuit and presently, she was and is a citizen of the Commonwealth of Pennsylvania and the United States of America.

7. Defendant, Syndigo, LLC ("Syndigo"), is a large, international corporation with a principal place of business at 141 W. Jackson Blvd, Suite 1375, Chicago, Illinois 60604. The company is a product content management and distribution platform that manages product information data, among other information.

### IV. STATEMENT OF CLAIM

8. Plaintiff began working for Riversand Technologies, the predecessor company to Defendant, on July 17, 2017 as a Senior Solution Engineer, then advanced to the position of Distinguished Engineer, a VP-level role.

9. Defendant acquired Riversand in May 2022, at which time Plaintiff's job title became Solution Engineer VP, though she retained the same job responsibilities.

10. As Solution Engineer VP, Grose worked on the "pre-sales team," which was a group of engineers that partnered with the company's sales staff. In this role, Grose was able to become a bridge between the marketing department, management, sales, and presales, as she was able to get direct information from potential customers and use that information to design software that would interest the customers.

11.    Beginning around early 2024, Ian Rendall ("Rendall"), then Vice President of Syndigo's European operations, became Grose's direct supervisor.

12.    When Rendall took over, he already had a reputation among employees for having fired at least three employees over 45 years of age in the past 7 months.

13.    Approximately 6 weeks after Rendall began supervising Grose and her department, he started giving employees performance evaluations without having much knowledge about the employees or the quality of their work. This was the first time that anyone at Syndigo had used a formal system to evaluate employees' performances.

14.    Rendall told Grose and other employees that most employees were going to be given a score of 3 or lower (out of five). This statement, combined with Grose's knowledge that Rendall had a history of targeting older employees, made Grose fear that she would be targeted for termination soon, as she was 61 years old at the time.

15.    In the self-evaluation form given by Rendall, Grose expressed that she felt she was being "set up" for termination.

16.    Despite being concerned about Rendall's tendency to fire older employees, Grose continued to perform her work successfully. In her entire time working for Riversand and Syndigo, Grose was never disciplined or warned about any performance issues.

17.    During their time working together, Rendall told Grose, "Oh, we're mature," in the context of implying that they had been around the block.

18.    Additionally, the culture in Plaintiff's department was littered with age-related remarks among peers, such as "We're around the same age."

19. On January 10, 2025, Rendall unexpectedly called Grose into a meeting with Delynn Daniels from Syndigo's HR department and terminated Grose's employment. Grose was 61 years old at the time.

20. During the short termination meeting, Rendall informed Grose that Syndigo was changing directions and that Grose's services were no longer needed. Rendall did not give any other details explaining why Grose's employment had been terminated other than repeatedly saying, "it's not because of money."

21. Around the time it terminated Grose's employment, Syndigo also terminated the employment of the following other employees above the age of 50, including but not limited to Michiel Van Kick (60s), Prasad Gowda (early 50s), Sudhanshu Gupta (50's), Witty Bindra (late 50's), Nagamba S. (late 50's/early 60's), Rajeev Shanbhag (mid-50's) and Anurag Awassthi (50's).

22. Upon information and belief, Defendant replaced the majority of Plaintiff and the employees set forth in paragraph 18 above whose employment was terminated with substantially younger employees, or their duties were redistributed to substantially younger employees.

23. Rendall made the decision to terminate the employment of Plaintiff due to Plaintiff's age based on his bias against older workers.

24. In the alternative, the termination of Plaintiff's employment was part of a reduction-in-force by Defendant which had a disparate impact against workers 40 and above.

25. Upon information and belief, in the decisional unit from which selections were made for employee layoffs, over 70% of the individuals selected for employment termination during the relevant time period were age 40 or older.

4

26.    After-the-fact, in its Position Statement to the EEOC, Defendant alleged that Grose was not strong in the "customer facing" portion of her job. To the contrary, Grose had many strong relationships with clients and potential customers that went well beyond the technical training capacity.

27.    Additionally, Grose had never even been counseled regarding potential improvement to her connections with clients or potential customers.

28.    Also in its Position Statement, Defendant referenced Grose's salary as part of the determining factors considered in the termination of Grose's employment. However, as previously set forth, Rendall repeatedly told Grose that the decision to fire her was "not about money."

29.    Additionally, the after-the-fact reasons given to Plaintiff for the termination of her employment were pretext for the real reason, age discrimination.

30.    As a result of Defendant's actions, Plaintiff has suffered loss of past and future wages and benefits, embarrassment and humiliation, mental anguish and emotional distress.

## V.    CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF ADEA – TERMINATION

31.    Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

32.    Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in discriminating against Grose with respect to compensation, terms, conditions, or privileges of employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634.

33.     Defendant's unlawful acts, practices, policies and/or procedures in employment, and specifically the termination of her employment, were induced because of its intent to discriminate against Grose because of her age as set forth above.

34.     Grose has been directly harmed as a result of these violations as is fully set forth above.

### COUNT II – VIOLATION OF PHRA – TERMINATION

35.     Plaintiff incorporates by reference the averments contained in the previous paragraphs as if set forth fully herein.

36.     Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in discriminating against Grose with respect to compensation, terms, conditions, or privileges of employment in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq*.

37.     Defendant's unlawful acts, practices, policies and/or procedures in employment were induced because of its intent to discriminate against Grose based on her age as set forth above.

38.     Grose has been directly harmed as a result of these violations as is fully set forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Honorable Court will:

(a)     Assume jurisdiction herein;

(b)     Declare Defendant's conduct to be unlawful and an intentional violation of Plaintiffs' rights;

6

(c)      Award Plaintiffs wage loss damages under the ADEA and PHRA, including back pay, front pay, damages associated with the increased tax burden of any award, and lost fringe and other benefits of employment;

(d)      Award Plaintiffs liquidated damages under the ADEA;

(e)      Award Plaintiff compensatory damages under the PHRA.

(e)      Award Plaintiffs pre-judgment and post-judgment interest under all counts;

(f)      Award Plaintiffs costs and attorneys' fees under all counts; and

(g)      Grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

**JURY TRIAL DEMANDED**

*s/ David B. Spear*
David B. Spear
PA ID No. 62133

*s/ Gabrielle Shaulis*
Gabrielle Shaulis
PA ID No. 334275

Minto Law Group, LLC
811 Camp Horne Road, Suite 320
Pittsburgh, PA  15237
(o) 412-201-5525
(f) 412-201-5526
dspear@mintolaw.com
gshaulis@mintolaw.com

Counsel for Plaintiffs